FRANKLIN McLAUGHLIN, who was sued as FRANK McLAUGHIN, and ROBERT McLAUGHLIN, trading as McLAUGHLIN & BRO., d. b., vs. CLINTON G. SENTMAN, p. b.

*Certiorari—Special Appearance; How Made—Surety in Certiorari —Attorney at Law—Rule of Court—Practice.*

1. Although leave to appear specially has been granted without the reasons being set out in writing, yet it has been where there was no objection. The better practice is to embody the reasons in a petition, for then there is a specific question before the Court.

2. While it is very bad policy for *Section 5 of Rule 1* of this Court, relative to attorneys becoming surety, to be violated, yet it did not authorize the Court to quash the writ.

*(September 18, 1900.)*

LORE, C. J., and BOYCE, J., sitting.

*Charles B. Evans* for plaintiff in error.

*L. Irving Handy* (special appearance for purpose of making a motion).

Superior Court, New Castle County, September Term, 1900.

CERTIORARI (No. 27, April Term, 1900).

*Mr. Handy* asked leave in open Court to appear specially in the above case, for the purpose of making a motion to quash the writ for want of sufficient surety.

*Evans*, for plaintiff, objected, contending that the application to appear specially should be by a petition, disclosing the reasons for such application.

LORE, C. J.:—Although leave to appear specially has been granted without the reasons being set out in writing, yet it has

been where there was no objection. In this case it is objected to, and we think the better practice is to embody the reasons in a petition. We then have a specific question before us.

The following petition was then filed by Mr. Handy, viz :

"To the Honorable the Judges of the Superior Court of the State of Delaware in and for New Castle County :

"I, Levin Irving Handy, attorney at law, respectfully petition the Court for permission to appear specially in the above mentioned case for Clinton G. Sentman, for the purpose of moving to quash the writ of *certiorari*, for the reason that the records show· that the writ was issued upon a recognizance in which Charles B. Evans, Esq., an attorney of this Court, was sole surety, and that the Court had not granted leave for him to be taken as said surety in accordance with *Section 5 of Rule 1* of this Court, and that the surety is insufficient."

The Court thereupon made the following order :

"And now, to wit, this eighteenth day of September, 1900, the above petition having been read and considered, it is hereby ordered that the permission be granted to Mr. Handy to appear as requested therein."

NOTE.—On September 25, 1900, the motion to quash the writ of *certiorari*, for the reasons stated in the petition, was argued before Lore, C. J., and Pennewill and Boyce, J. J. The Court held that while it was very bad policy for the rule of Court mentioned in the above petition to be violated, and while it was not intended in any way to encourage such violations, yet it did not authorize the Court to quash the writ, and the motion to quash the writ on that ground was refused.